## IN RE: PROVIDENT SECURITIES LITIGATION.

### MDL No. 2162.

United States Judicial Panel on Multidistrict Litigation.

June 3, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR.,* FRANK C. DAMRELL, JR., and BARBARA S. JONES, Judges of the Panel.

### ORDER DENYING TRANSFER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** *: Plaintiffs in an action pending in the Northern District of Texas (*Billitterii*) have moved, pursuant to 28 U.S.C. § 1407, for centralization of this litigation in that district. This litigation currently consists of that action, one action in the Northern District of Georgia

* Judge Furgeson took no part in the disposition of this matter.

(*Brown*), and one action in the District of Idaho (*Toomey*), as listed on Schedule A.

The *Toomey* plaintiffs initially opposed centralization, but subsequently changed their position to support the Section 1407 motion. Securities America Inc., Securities America Financial Corp., and Ameriprise Financial, Inc., which, with the exception of Securities America Financial Corp., are defendants in both *Billitteri* and *Toomey*, support centralization of only those two actions, but in the District of Nebraska. Defendant J.P. Turner & Co. LLC (J.P. Turner), which is the sole defendant in *Brown*, opposes centralization altogether.

On the basis of the papers filed and hearing session held, we will deny the motion for centralization. These three actions do have a common factual backdrop—all involve allegations that the various broker-defendant defendants offered and sold to investors approximately $485 million of oil and gas interests via various entities created by Provident Royalties, LLC, and Provident Asset Management, LLC (collectively Provident), that Provident was running a Ponzi scheme, and that the broker-defendants facilitated that scheme by disseminating materially false and misleading private placement memoranda which failed to disclose, *inter alia,* that offering proceeds were improperly commingled with funds received from other investors in other offerings, that proceeds of the offerings were not being invested as represented, and that later investors' funds were being used to pay "dividends" and "returns of capital" to earlier investors.

Other factors, however, make centralization less optimal. There are only three actions in this docket and none of the cases have completely common defendants. J.P. Turner, the defendant in *Brown*, is not named in either of the other two actions; many defendants in *Billiteri* are not named in *Toomey*, which has two defendants that are not named in *Billitteri*. Moreover, the conduct of the different broker-dealer defendants appears to be at the heart of this litigation. The discovery of this conduct will tend to be individualized, and thus the risk of duplicative discovery less consequential. Available alternatives to centralization may alleviate whatever possibilities might arise of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

In sum, whatever benefits centralization would achieve do not outweigh the complications it could create. This litigation can proceed perfectly well without centralization.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

### SCHEDULE A

MDL NO. 2162—IN RE: PROVIDENT SECURITIES LITIGATION

*Northern District of Georgia*

    *Ron Brown, et al. v. J.P. Turner & Co., LLC,* C.A. No. 1:09–2649

*District of Idaho*

    *C. Richard Toomey, et al. v. Bradley K. Hofhines, et al.,* C.A. No. 1:09–613

*Northern District of Texas*

    *Joseph Billitteri, et al. v. Securities America, Inc., et al.,* C.A. No. 3:09–1568